# EXHIBIT 4-1

Filed
11/6/2026 7:07 PM
Beverley McGrew Walker
District Clerk
Fort Bend County, Texas
Michelle Hougland

**CAUSE NO. 26-DCV-352480**

| | | |
|---|---|---|
| **CHILDFREE BY CHOICE, LLC,** | § | **IN THE DISTRICT COURT OF** |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| vs. | § | |
| | § | **FORT BEND COUNTY, TEXAS** |
| **JOHN P. CRAWFORD a/k/a** | § | |
| **J.P. CRAWFORD,** | § | Fort Bend County - 400th Judicial District Court |
| | § | |
| *Defendant.* | § | **_____ JUDICIAL DISTRICT** |

**PLAINTIFF'S ORIGINAL PETITION**

Plaintiff, Childfree by Choice, LLC, files this its Original Petition against Defendant, John P. Crawford a/k/a J.P. Crawford, and for cause of action respectfully shows this Honorable Court the following:

**DISCOVERY-CONTROL PLAN**

1. Plaintiff intends to conduct discovery under Level 2 pursuant to Texas Rule of Civil Procedure 190.3.

**PARTIES**

2. Plaintiff, Childfree by Choice, LLC ("CBC"), is a New Mexico limited liability company (New Mexico Business ID 6296602) formed on November 12, 2020, located at 320 Gold Ave. SW, Suite 620 PMB 1830, Albuquerque, NM, 87102. Andrew Gomes is CBC's sole member and Chief Executive Officer.

3. Defendant, John P. Crawford a/k/a J.P. Crawford, MHA ("Crawford"), is an individual who is a resident of Texas and may be served with process in Fort Bend County at 26306 Polaris Rise Ln, Richmond, Texas 77406, or wherever defendant may be found.

11/09/26 MCH
ROUTED TO COURT
RT'D TO D. CLERK

## CLAIM FOR RELIEF AND JURISDICTION

4. The Court has subject matter jurisdiction of this dispute because the amount in controversy exceeds the minimum jurisdictional limits. In compliance with Tex. R. Civ. P. 47(c)(3), Plaintiff seeks monetary relief over $250,000 but not more than $1,000,000 and nonmonetary relief.

5. This Court has personal jurisdiction over Defendant because he is a resident of Texas and the causes of action arose from Defendant's activities in this State.

## VENUE

6. Venue is proper in Fort Bend County, Texas, pursuant to Tex. Civ. Prac. & Rem. Code § 15.002(a)(2), because Crawford, a natural person, resided in Fort Bend County at the time the causes of action accrued.

## BACKGROUND FACTS

### A. The Agreement

7. TIA Imaging Associates ("TIA"), funded by Andrew Gomes, paid Crawford approximately $120,000 per year as full-time compensation. Crawford's work for TIA required only approximately 10 to 20 hours per week.

8. Because Crawford's TIA work was far less than full-time, Andrew Gomes, acting for both CBC and TIA, and Crawford agreed that Crawford should not keep receiving full-time pay for that work alone. Instead of taking a reduction in pay, Crawford readily agreed to serve as CBC's primary administrator for a few hours per week, in addition to his TIA work (the "Agreement"). The Agreement is verbal. There is no written contract between CBC and Crawford but there was a meeting of the minds.

9. Beginning in or about October 2021, Crawford performed CBC work from the CBC email account jp@childfreebc.com and, beginning in February 2022, signed his CBC emails "J. P.

Crawford, MHA / Vice President." His CBC work included, among other things, the 3/28/22 team email, hiring CBC staff, building CBC's email-signature system, developing CBC's MacKenzie Scott donor strategy, and running CBC's "Strong Headlines" campaign. On or about 11/12/24, when CBC's prior administrator, Jeremy, left, CBC's accounts were transitioned to Crawford, and Crawford became CBC's sole administrator.

10. As CBC's primary administrator, Crawford held administrative control over CBC's technology accounts. These included CBC's production Amazon Web Services account, Account No. ending in 8925 (the "AWS Account"). The root user email on the AWS Account is jp@childfreebc.com, and the account name is "John Crawford." The root user is locked behind a multi-factor authentication ("MFA") passkey that Crawford set up in his own Chrome browser profile. Crawford also held the PIN to CBC's password manager. The only login to the account with CBC's vendor Amazon Web Services, Inc. was Crawford's.

**B. Crawford Confirms His Obligation and Is Directed to Hand Off CBC**

11. On 8/27/25, Gomes communicated on Plaintiff's behalf: "You must continue to do the minimal admin work required for CBC." Crawford did not object to this condition.

12. On 8/29/25, Crawford was directed to hand off CBC to Travis Nixon. Crawford wrote: "I have created Travis a CBC account and provided Admin privileges… hand off everything Jeremy gave me." Jeremy was CBC's prior administrator. Crawford also wrote: "I met with Travis this afternoon and reviewed CBC with him."

13. On 10/14/25, Crawford wrote: "The CBC thing should be resolved."

14. It was not resolved. Crawford handed off only CBC's Google Workspace administrator access and a vendor contact. He did not hand off the AWS root MFA passkey, the password manager PIN, or a CBC-owned AWS administrator account.

**C. The Lockout and CBC's Damages**

15. Beginning on December 8, 2025, CBC has been locked out of the AWS Account that runs its production website. The root user email, the account name, and the MFA passkey are all tied to Crawford, so CBC cannot access or manage its own AWS Account. Because CBC could not get into the AWS Account to pay AWS, on or about August 31, 2026, CBC's website went down and became corrupted and unmanageable. The vendor login is also locked, because the vendor's only login was Crawford's.

16. CBC has tried to regain control through AWS directly. On 9/9/26 and again on 9/15/26, AWS refused to reset the root MFA, even after Andrew Gomes provided a notarized affidavit of CBC's ownership September 14th, 2026. AWS refused because only the named individual on the account can request the reset. That individual is Crawford.

17. CBC has continued to pay for the locked AWS Account. Failed automatic charges have caused CBC to incur card late fees, over-limit fees, and interest. Travis Nixon has had to pay AWS invoices by guest checkout and to rebuild CBC's website on a new AWS account.

18. As of the date of this Petition, CBC's damages to date total more than $10,000. They consist of:

a. Labor;
b. AWS fees; and
c. Card late fees, over-limit fees, and interest charges.

19. CBC's damages are continuing and growing. They include the cost of a full rebuild of CBC's website, estimated at $20,000 or more; the value of Andrew Gomes's time diverted to the lockout; business lost because of the outage; and attorney's fees.

20. Travis Nixon and Andrew Gomes, on CBC's behalf, each asked Crawford to release the credentials so CBC could mitigate its damages. He has not done so. To date, Crawford

has not released the AWS root MFA passkey, the password manager PIN, or CBC's credentials, and he has not cooperated with AWS to restore CBC's control of the AWS Account.

## CAUSES OF ACTION

### COUNT I – BREACH OF ORAL CONTRACT

21. Plaintiff sues defendant for breach of contract. Plaintiff incorporates by reference the allegations made in all foregoing and subsequent paragraphs of this Petition. The elements for Breach of Contract are the following:

i. There is a valid, enforceable contract.
ii. The plaintiff is a proper party to bring suit for breach of the contract.
iii. The plaintiff performed, tendered performance of, or was excused from performing its contractual obligations.
iv. The defendant breached the contract.
v. The defendant's breach caused the plaintiff injury.

22. On or about the time Crawford became CBC's sole administrator, on or about November 12, 2024, CBC, acting through Andrew Gomes, and Crawford entered into a valid and enforceable oral agreement. Under it, Crawford agreed to serve as CBC's primary administrator for a few hours per week, in addition to his TIA work. In exchange, he continued to receive full-time compensation of approximately $120,000 per year from TIA, funded by Andrew Gomes, without a reduction in pay, even though his TIA work was far less than full time. Crawford served as CBC's sole administrator under the Agreement from on or about 11/12/24 until 8/29/25 and continued to receive full-time pay through TIA throughout that time. The Agreement was confirmed in writing on 8/27/25 in communication between the parties.

23. CBC is a proper party to bring suit for breach of the Agreement because CBC is the party for whom Crawford agreed to serve as primary administrator.

24. Plaintiff fully performed its obligations under the Agreement. Crawford received the agreed consideration: continued full-time compensation without a pay reduction, paid by TIA

and funded by Andrew Gomes, in exchange for his CBC work. Andrew Gomes acted for both CBC and TIA in this arrangement.

25. Defendant breached the Agreement. He failed to perform the administrative work he agreed to perform, and he failed to complete the hand-off of CBC to Travis Nixon as directed on 8/29/25. Most importantly, he failed to transfer the AWS root MFA passkey, the password manager PIN, a CBC-owned AWS administrator account, and the vendor login, which left CBC locked out of its own production systems.

26. Defendant's breach caused injury to plaintiff. CBC has suffered damages in excess of $10,000 as of the date of this Petition, along with continuing damages that include the estimated $20,000 or more cost of a full website rebuild, the value of Andrew Gomes's time, and lost business.

27. Attorney fees. Plaintiff is entitled to recover reasonable and necessary attorney fees under Tex. Civ. Prac. & Rem. Code § 38.001(b)(8), because this is a claim on an oral contract.

**COUNT II – BREACH OF FIDUCIARY DUTY**

28. Plaintiff sues defendant for breach of fiduciary duty. Plaintiff incorporates by reference the allegations made in all foregoing and subsequent paragraphs of this Petition. The elements for Breach of Fiduciary Duty are the following:

i. The plaintiff and defendant had a fiduciary relationship.
ii. The defendant breached its fiduciary duty to plaintiff.
iii. The defendant's breach
   1) proximately caused injury to the plaintiff, or
   2) resulted in a benefit to the defendant.

29. Crawford held himself out as CBC's Vice President and served as its primary administrator. He acted as CBC's agent and was entrusted with exclusive control of CBC's accounts and credentials. As CBC's officer and agent, Crawford owed CBC fiduciary duties. These

included the duties of loyalty, candor, and full disclosure; the duty to account for and return CBC's property; and the duty not to use his position to CBC's detriment.

30. Crawford breached his fiduciary duties to CBC. He tied CBC's production AWS Account to his own email, his own name, and an MFA passkey in his own Chrome profile. He then failed to turn over the AWS root MFA passkey, the password manager PIN, a CBC-owned AWS administrator account, and the vendor login when directed to hand off CBC. He also told CBC on 10/14/25 that "[t]he CBC thing should be resolved" when it was not.

31. Crawford's breach proximately caused injury to CBC, including the damages described above, and resulted in a benefit to Crawford: he kept his full-time compensation while leaving his CBC obligations unperformed.

**COUNT III – CONVERSION**

32. Plaintiff sues defendant for conversion. Plaintiff incorporates by reference the allegations made in all foregoing and subsequent paragraphs of this Petition. The elements for Conversion are the following:

i. The plaintiff owned, had legal possession of, or was entitled to possession of the property.
ii. The property was personal property.
iii. The defendant wrongfully exercised dominion or control over the property.
iv. The defendant's conduct caused the plaintiff injury.

33. CBC owns the AWS Account and the website, data, and systems it hosts, as well as CBC's password manager, its vendor account, and the credentials that control them (collectively, the "CBC Property").

34. Crawford has exercised dominion and control over the CBC Property to the exclusion of CBC by keeping sole control of the AWS root email, the account name, the root MFA passkey, the password manager PIN, and the vendor login.

35. On 8/29/25, Crawford was directed to hand off CBC to Travis Nixon. Crawford has not returned control of the CBC Property. His conduct has caused CBC the damages described above.

**COUNT IV – NEGLIGENCE (PLEADED IN THE ALTERNATIVE)**

36. Pleading in the alternative, Plaintiff sues defendant for negligence. Plaintiff incorporates by reference the allegations made in all foregoing and subsequent paragraphs of this Petition. The elements for Negligence are the following:

i. The defendant owed a legal duty to the plaintiff.
ii. The defendant breached that duty.
iii. The breach proximately caused the plaintiff injury.

37. Crawford undertook to administer CBC's technology accounts and, on 8/29/25, to hand them off. Having undertaken that work, he owed CBC a duty to exercise reasonable care in performing it.

38. Crawford breached that duty in two ways. He set up CBC's production AWS root user under his own email, his own name, and an MFA passkey in his own Chrome profile, without a CBC-owned administrator or recovery method. He then failed to transfer those credentials during the hand-off.

39. Crawford's breach proximately caused CBC the damages described above.

**COUNT V – UNJUST ENRICHMENT (PLEADED IN THE ALTERNATIVE)**

40. Pleading in the alternative, and to the extent the Agreement is found unenforceable, Plaintiff sues defendant for unjust enrichment. Plaintiff incorporates by reference the allegations made in all foregoing and subsequent paragraphs of this Petition.

41. Crawford obtained a benefit by taking undue advantage of CBC: he received full-time compensation of approximately $120,000 per year from TIA, funded by Andrew Gomes (who acted for both CBC and TIA in the arrangement), without a pay reduction, in exchange for serving

as CBC's primary administrator. He then failed to complete his CBC duties and kept control of CBC's systems. It would be unconscionable for Crawford to retain that benefit. CBC seeks restitution in an amount to be proven at trial.

**APPLICATION FOR TEMPORARY AND PERMANENT INJUNCTIVE RELIEF**

42. Plaintiff incorporates by reference the allegations made in all foregoing paragraphs of this Petition. Pursuant to Tex. Civ. Prac. & Rem. Code § 65.011 and the common law of equity, CBC requests that the Court set this matter for a temporary injunction hearing. After that hearing, CBC asks the Court to issue a temporary injunction, ultimately made permanent, ordering Crawford to restore CBC's control of its own property.

43. CBC has a probable right of recovery. The AWS Account is CBC's production account, CBC has paid for it, and Crawford set it up and controlled it as CBC's administrator. Crawford acknowledged in writing on 8/29/25 that he was handing off CBC to Travis Nixon.

44. CBC faces probable, imminent, and irreparable injury, and it has no adequate remedy at law. AWS has refused, on 9/9/26 and 9/15/26, to reset the root MFA for anyone except the named individual, Crawford. No award of money damages can restore CBC's access to its AWS Account. Only Crawford's cooperation can.

45. CBC therefore requests a temporary injunction, ultimately made permanent, ordering Crawford, within seven (7) days of the Court's order, to:

i. Cooperate with AWS, by submitting whatever requests, verifications, and authorizations AWS requires, to remove or reset the root MFA on AWS Account No. ending in 8925 and to transfer the root user email and account name to a CBC-designated email and name;

ii. Disclose and deliver to CBC's designee the PIN to CBC's password manager and every other credential, passkey, recovery code, and login he holds for any CBC account or system;

iii. Cooperate with CBC's vendor to transfer the vendor login to CBC's designee; and

iv. Refrain from altering, deleting, removing, or writing over any CBC account, data, credential, or system, except as needed to comply with this order.

46. CBC is willing to post a bond if required, but it does not believe a bond is necessary or appropriate under the present circumstances.

**JURY DEMAND**

47. Plaintiff demands a trial by jury on all issues so triable.

**RULE 193.7 NOTICE**

48. Pursuant to Rule 193.7 of the Texas Rules of Civil Procedure, Plaintiff hereby gives actual notice that any and all documents produced by any party will be used at any pretrial proceeding and/or the trial of this matter.

**CONDITIONS PRECEDENT**

49. All conditions precedent to plaintiff's claims for relief have been performed, have occurred, or have been waived or excused.

**PRAYER**

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in its favor and against Defendant as follows:

1. Actual damages.
2. A temporary injunction, ultimately made permanent, ordering Crawford to cooperate with AWS to release or reset the root MFA on AWS Account No. ending in 8925 and transfer that account to CBC; to deliver the password manager PIN and all other CBC credentials; to cooperate in transferring the vendor login; and to preserve all CBC accounts and data;
3. Restitution, pleaded in the alternative;
4. Attorney's fees and costs pursuant to Tex. Civ. Prac. & Rem. Code § 38.001(b)(8), because this is an action on an oral contract;
5. Exemplary damages;
6. Pre-judgment and post-judgment interest as allowed by law;
7. Court costs; and
8. All other relief to which plaintiff is entitled.

Dated November 6, 2026

Respectfully submitted,
**PATTERSON, PC**

/s/ *Pete T. Patterson*
Pete T. Patterson
Texas Bar No. 15603580
4309 Yoakum Blvd. Suite 2000
Houston, Texas 77006
Tel. (713) 874-6444
Fax (713) 874-6445
Email: pete@pyllp.com

**ATTORNEY FOR PLAINTIFF**

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Jennifer Armendariz on behalf of Pete Patterson
Bar No. 15603580
jennifer@pyllp.com
Envelope ID: 122202537
Filing Code Description: Petition
Filing Description: Plaintiff's Original Petition
Status as of 11/9/2026 9:00 AM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Jennifer Armendariz | | jennifer@pyllp.com | 11/6/2026 7:07:03 PM | SENT |
| Andy Thibo | | andy@pyllp.com | 11/6/2026 7:07:03 PM | SENT |
| Pete Patterson | 15603580 | pete@pyllp.com | 11/6/2026 7:07:03 PM | SENT |